UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL W. DANCER,

Plaintiff,

v.

JON JESKE, *et al.,*

Defendants.

Case No. 09-5153 BHS/KLS

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for appointment of counsel. Dkt. # 5. Having carefully reviewed Plaintiff's motion and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motion should be denied.

## I. DISCUSSION

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy,* 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. Neither of these factors is dispositive and both must be viewed together before

ORDER - 1

reaching a decision on request of counsel under Section 1915(d). *Id*.

Plaintiff requests appointment of counsel "in lieu of providing access to legal materials or legal library." Dkt. # 5, p. 1. Plaintiff filed this motion for counsel at the same time he filed a Writ of Mandamus, requesting that this Court direct the Lewis County Jail produce documents and legal materials for his use in this lawsuit. Dkt. # 4.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* and has not demonstrated that the issues involved in this case are complex. Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants. Plaintiff has also not shown a likelihood of success on the merits. *See, e.g.*, *Wilborn*, 789 F.2d at 1331. Accordingly, Plaintiff's motion to appoint counsel (Dkt. # 5) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

DATED this 24th day of April, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2