UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL W. DANCER,

          Plaintiff,

       v.

JON JESKE, *et al.*,

          Defendant.

Case No. C09-5153 BHS/KLS

ORDER TO SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), and Local Rules MJR 3 and 4. The case is before the Court for review of Plaintiff's complaint. After reviewing the Complaint and balance of the record, the Court finds and orders as follows:

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id.* While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of

ORDER
Page - 1

was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Plaintiff alleges that in November 2001, Jon Jeske of the Washington State Department of Fish and Wildlife prepared a false report, which resulted in his prosecution for unlawful hunting of elk in the Lewis County District Court. He alleges that in July 2007, Jon Jeske found Plaintiff trespassing and drew his weapon on him. On August 28, 2007, Plaintiff alleges that John Jeske wrongfully issued him eight tickets. Dkt. # 1-2, p. 3.

Plaintiff asks the Court to have all charges that were brought against him "expunged" from his record, for an injunction prohibiting this type of abuse by Department of Fish and Wildlife Officers, for a public apology from the Chief of the Department of Fish and Wildlife for the slander and for employing this type of officer, and for statutory and punitive damages of $377,000.00 for legal fees, fines and pain and suffering. Dkt. # 1-2, pp. 4-5.

After review of Plaintiff's allegations, the Court finds that Plaintiff has failed to claim a violation of his constitutional rights.

It is unclear from the Plaintiff's complaint whether he is calling into question the validity of his current incarceration. To the extent that he is and he requests that the charges against him be "expunged," and that he be awarded money damages, it appears that a writ of habeas corpus may be Plaintiff's exclusive remedy. In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or

sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*.

Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).

In this case, Plaintiff seeks $377,000 in "statutory" and punitive damages for the "abuse of power" he claims he suffered at the hands of the Department of Fish and Wildlife officer. Dkt. # 1-2, p. 3. However, there is no allegation that the conviction or sentence of which Plaintiff complains has been reversed on direct appeal, expunged by executive order, or declared invalid by a state tribunal. Thus, Plaintiff shall not be permitted to seek monetary damages or pursue such claims via section 1983 without first successfully petitioning for his release and/or expungement of his sentence or conviction imposed by the state trial court.

To the extent Plaintiff's allegations do not implicate his current incarceration, Plaintiff is advised that the general rule is that a malicious prosecution claim is not cognizable under §1983 if process is available in the state judicial system to provide a remedy. *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987). Nonetheless, "an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir.1985) (en banc). Thus, a malicious prosecution plaintiff "must show that the defendants prosecuted him with malice and without probable cause, and that they did so for the purpose of denying him equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th

Cir.1995).

Plaintiff is also advised that under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). "Jane Doe" Jeske and "the Estate" of Jon and Jane Doe Jeske are not "persons" under section 1983. "Washington State Department of Fish and Wildlife" is also not a "person" under section 1983.

Plaintiff names the Washington State Department of Fish and Wildlife as a defendant, but fails to allege facts or name specific individuals to support any claim of constitutional harm. This is not sufficient to state a claim under 42 U.S.C. § 1983. Plaintiff must set forth facts describing when and where and by whom he was deprived of a constitutional right. Plaintiff's Complaint must include factual allegations describing how each individual caused or personally participated in causing him the harm that he claims he suffered. In addition, Plaintiff must name the individuals who are responsible for causing him harm. It is not sufficient to merely name individuals in supervisory positions. He must name the individual defendants who violated his federal rights and he must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

In addition, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see also* 28 U.S.C. § 1346(b)(2) (similar provision added to the Federal Tort Claims Act). This provision "requires a showing of physical injury that need not be significant but must be more than *de minimus*." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002).

Here, Plaintiff seeks $377,000.00 in statutory and punitive damages for "legal fees, fines and pain and suffering." Dkt. # 1-2, pp. 4-5. However, he alleges no physical injury.

Due to the deficiencies described above, the court will not serve the complaint. Plaintiff must

show cause explaining why this matter should not be dismissed or, alternatively, he may file an amended complaint curing, if possible, the above noted deficiencies. Plaintiff must show cause or file the amended complaint **no later than May 29, 2009.** If Plaintiff files an amended complaint under § 1983, the amended complaint shall consist of a **short and plain statement** showing that he is entitled to relief. Plaintiff shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) The dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall attach only those exhibits relevant to the factual allegations contained within the amended complaint.

Plaintiff is further advised that this amended pleading will operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "First Amended Complaint" and Cause Number C09-5153 BHS/KLS must be written in the caption**. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

**Plaintiff is cautioned that if he fails to show cause or amend his complaint by May 29, 2009, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).**

The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

Dated this 4th day of May, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 5