UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL W. DANCER,

                Plaintiff,

  v.

JON JESKE,

                Defendant.

No. C09-5153BHS/KLS

**REPORT AND RECOMMENDATION**
**NOTED FOR: February 5, 2010**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

It has been more than sixty days since the Court's latest mailings to Plaintiff were returned and the Court does not have a current address for the Plaintiff. Therefore, the undersigned recommends that the Court dismiss this action as Plaintiff appears to have abandoned his case.

**DISCUSSION**

On April 24, 2009, the court granted Plaintiff's application for leave to proceed *in forma pauperis* and filed his complaint. Dkts. 6 and 7, respectively. On the same day, the court denied Plaintiff's motions for the appointment of counsel and for writ of mandamus. Dkts. 10 and 11. On May 4, 2009, the court ordered Plaintiff to file an amended complaint. Dkt. 14. On May 12, 2009 and June 23, 2009, Plaintiff advised the court that he was in custody at the King County

REPORT AND RECOMMENDATION - 1

Correctional Facility in Seattle. Dkts. 14 and 15. On June 26, 2009, the court extended Plaintiff's time to respond to the order to show cause (Dkt. 17) and on July 6, 2009, Plaintiff advised the court that he had not received any documents since April 24, 2009. Dkt. 18. At that time, the clerk re-sent Dkt. Nos. 10, 11, 14 and 17 to Plaintiff at the King County Correctional Facility. *Id.*

Plaintiff filed his First Amended Complaint on July 27, 2009 and the court ordered service of the Amended Complaint. Dkts. 19 and 21.

On September 17, 2009, counsel for Defendant Jon Jeske filed a Notice of Death, advising that Defendant Jeske had passed away on May 7, 2008 (Dkt. 24) and a Notice of Withdrawal of Appearance. Dkt. 25. The Notices of Death and Withdrawal contain certificates of service indicating that Plaintiff was served with the documents at "156 Bonnell Road, Randle, Washington 98377." Dkts. 24 and 25.

On October 1, 2009, the Court's Orders (Dkts. 6, 10 and 11) were returned as undeliverable as addressed with the notation that the documents should be forwarded to: "156 Bonnell Road, Randle, Washington 98377." Dkt. 26. The Clerk resent the documents to Plaintiff at the Randle address on October 5, 2009. *Id.* On October 13, 2009, that mailing was returned as undeliverable with the notation "not deliverable as addressed/unable to forward." Dkt. 27.

Plaintiff has not notified the Court of his current address.

Local Rule 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro-se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

REPORT AND RECOMMENDATION - 2

This action has existed more than sixty days without an address for the Plaintiff. Dismissal without prejudice for failure to prosecute is appropriate.

In addition, Plaintiff filed no response within 90 days after service of the Notice of Death filed on behalf of Defendant Jon Jeske, whom Plaintiff sued in his individual capacity. Fed. R. Civ. P. 25(a).

Accordingly, the undersigned recommends **DISMISSAL WITHOUT PREJUDICE** for failure to prosecute pursuant to Local Rule 41(b)(2).

## CONCLUSION

The Court should dismiss this action without prejudice as Plaintiff has left no forwarding address and appears to have abandoned the case.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 5, 2010**, as noted in the caption.

DATED this  11th  day of January, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3